John **BOATWRIGHT, Calvin Boatwright**

v.

**UNITED STATES of America.**

Civ. No. K–90–1549.

United States District Court,
D. Maryland.

Dec. 20, 1991.

Thomas R. Dyson, Washington, D.C., for plaintiffs.

Richard D. Bennett, U.S. Atty., and Barbara S. Sale, Asst. U.S. Atty., Baltimore, Md., for defendant.

FRANK A. KAUFMAN, Senior District Judge.

In *United States v. Snowden,* 770 F.2d 393 (4th Cir.1985), *cert. denied,* 474 U.S. 1011, 106 S.Ct. 540, 88 L.Ed.2d 470 (1985), the Fourth Circuit affirmed the mail fraud convictions of the three defendants. Herein two of those three defendants, John and Calvin Boatwright, seek to have those convictions expunged.[1] The facts in this case are set forth in the Fourth Circuit's opinion upon the criminal appeal and will not be repeated. The basis for the relief that plaintiffs desire to obtain in this case rests upon the meaning and the application of *United States v. McNally,* 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987); *United States v. Mandel,* 862 F.2d 1067 (4th Cir.1988), *cert. denied,* 491 U.S. 906, 109 S.Ct. 3190, 105 L.Ed.2d 699 (1989).[2]

The indictment in *United States v. Snowden supra* charged defendants and the Reverend Snowden, *inter alia,* with breach of duty to the Church and also with depriving the Church "of money to which it was entitled." This Court, without any objection from any party, instructed the jury that no defendant could be convicted of mail fraud unless the government proved beyond a reasonable doubt that such defendant either violated his duty of loyalty to the Church, or alternatively, deprived the Church of "something of value." Transcript of Jury Instructions at 31. Under *McNally,* this Court erred in charging the jury, in the alternative, that it could convict for violation of the Church's intangible, nonproperty right of loyalty.

In the Fourth Circuit's majority opinion, Judge Boyle, sitting by designation, specifi-

cally reviewed the evidence of large kickbacks to Reverend Snowden from the Boatwrights. *Snowden,* 770 F.2d at 395. Concurring, Judge Ervin wrote that "the jury concluded that these payments were 'kickbacks and not love offerings.'" *Id.* at 398. At trial, the government had presented overwhelming evidence that the Boatwrights received and retained as "kickbacks" money which belonged to the Church.[3]

In *Mandel,* Judge Widener wrote:

Whatever the rule may be elsewhere, we hold that in a case in which the jury considers alternate theories of liability, we must reverse the conviction if either theory is an improper basis for punishment. *United States v. Mallas,* 762 F.2d 361, 363 n. 3 (4th Cir.1985).... In order not to apply the rule, we must be able to say "with a high degree of probability" that the jury did not rely on the legally incorrect theory. *United States v. Alexander,* 748 F.2d 185, 189 (4th Cir.1985). Such is not possible in this case ...

862 F.2d at 1073.

Unlike the situation in *Mandel,* it is possible, in this case, to say "'with a high degree of probability' that the jury did not rely upon the legally incorrect theory." *Id.* Indeed, the facts of this case almost compel the conclusion that the jury found the Boatwrights guilty of depriving the Church of its money, regardless of whether the jury also found that the Boatwrights violated their duty of loyalty to the Church.

Accordingly, the Boatwrights are not entitled to the relief which they seek in this

1. When this case was instituted the Boatwrights were on probation and petitioned for relief under 28 U.S.C. § 2255. Because they are no longer on probation, they now, without objection by the government, seek relief in *coram nobis.*

2. Congress amended the statute in November, 1988, to overrule *McNally,* but that amendment does not apply retroactively. *See U.S. v. Berlin,* 707 F.Supp. 832 (E.D.Va.1989).

3. The Boatwrights in their supplemental memorandum in this case do not contest that "the Boatwrights paid the Defendant Snowden mon-

ey out of payments they received" from the Church. Given that fact, the Boatwrights cannot reasonably argue that although the jury found that the Boatwrights gave large kickbacks to Reverend Snowden, the pocketbook of the Church was not hurt thereby. Characterizing the criminal prosecution as a property fraud case, Judge Boyle wrote:

[t]here was evidence that this undisclosed [financial] relationship between the defendants operated to the financial detriment of the church and that had they known of the relationship, church officials would not have approved it.

*Snowden,* 770 F.2d at 395.

case and judgment will be entered for defendant in a separate Order.